Opinion of the Court, by
Judge Mills.
Frame, one of the defendants in the court below, had a deed on record, of a lot in Snelbyville, which lot had been occupied by William Glenn, in his lifetime, for many years, and afterwards by his son, James Glenn, in the whole not less than twenty years. To recover this lot from James Glenn, the appellee, M'Gce, undertook to bring suit and pay the costs thereof, arid to receive, as a compensation for his trouble, one half the lot. After having made some investigation into the U-' *233 tics, M’Gee rescinded his investigating contract with Frame, and purchased the lot of him at the price of five hundred dollars, and for part of the price, executed a note, now the subject of contest.
m signeeofT note is bound ®very t^eob]igor°h had, up to nofjce of the whatever*" is good evi-dence against obligo™^ no^ tified of tho aftmvards’'5 g0od"againsfc the assignee.
w __ the obligor took from the obligee, be-aTstgnmeCnt,°f though after h was made, greement ^ that iftboro had been a figeeVor Ihe land he had conveyed as of the. note, of which the °bhg°r was "tthTpur-0' chase, he ■would wait ■for the payment until a suit with the ■obligor was decided, ahd if the land was lost, the note should bo void, ¿he decree against the ob-ligee is admissible against the as-signee.
*233 It seems, that although neither Glenn nor his son had any deed for the lot from Frame, yet there was a decree of the old quarter session court of Shelby county, of record, in favor of William Glenn; against Frame, directing him to convey the lot, bearing date as ancient as the possession of Glenn, or nearly so; and James Glenn instituted a new suit in equity, on this decree, against M’Gecq to compel him to convey the tille he had gotten from Frame, in which he succeeded. About the commencement of this suit, M’Gee, meeting Frame, obtained 1'rom him a writing to this effect:
“i do certify, that Í never made a deed to' David Glenn, nor William Glenn, for a lot that was conveyed to me by the trustees of Shelbyville. If there is a deed, or a decree Jor a deed, for lot No. 32, in Shelbyville, I will wait for all the money that 1 have Thomas' M’Gee’s notes for, for one hundred dollars and for three dred and fifty dollars, until he goes through a legal suit of lawfor; and if lost, the notes fs void. (Signed) Will. Frame. (Seal.)”
At the time this writing was given, Frame had assigned away the note now in contest, to the appellant, Schooling; but of this assignment it does not appear that M’Gee had any knowledge. After Schooling had •prosecuted a suit on this note to judgment, M’Gee filed this bill, with injunction, against Frame and Schooling, relying on the foregoing circumstances, and praying a perpetual injunction, which the court granted, and perpetuated it, on final hearing; and from that decree Schooling has appealed.
He now insists that the court below erred in admitting the two records in chancery, the one in favor of William Glenn against Frame, and the other in favor of James Glenn against Flame, for the lot in copies!, which was objected to, and admitted on the trial; and also, in decreeing a perpetual injunction. <
(1) Schooling derived title to the debt in contest, under M’Gee,,and was, according to the express letter of the act of assembly authorising the assignment of notes, bound by every equity which M’Gee had against the notes, up to ibe date of notice of the assignment, *234 Of cburaé, whatever was good'evidence aghinst Frame, at that time, must be good evidence against Schooling in this controversy'; and when the writing aforesaid was given, flji’Gée had no knowledge of the assignment.
The decree for the land against the obligor, 'is, also admissible against the assjgnee, though neither the obli-gee nor as-signee was party.
(3) An agreement of the alienor with the alienee after the conveyance, that if there had been a decree against the alienor for the land, he would wait for the payment of the consideration note until a suit with the alienee was decided, and if the land should be lost the note .should be void, is on ■tuflicient con-«¡deration; the'oonvp11'^ anee was^ with or with-, °at.wipran-¿rial,1 ami*" the land be-l11?lost’ ‘taineci by an assignee, who Jw1110t tee befar* the agreement, may be per-en'
*234 (2) ft will be seen, by an inspection of this writing, that Frame was to wait for the moneydae on the note, if there was a deed or decree for the lot, and the first record showed that'lhere was sucli a decree, and the ■record alone could prove it; 'and by this evidence Frame had agreed -to abide. Of course, this record was admissible.
As to the second record of Gienn and M’Gee, it proved precisely the'event for which Frame had stipulated to wait-, and on which the note held by Schooling wks to be void, to wit, that M’Gee had‘gone through the suit and lost theiot. It is true, that neither Frame nor Schooling Were -parties to this suit; but it does not thence follow, that the record was no't'good evidence. It is certainly a correct rule, that verdicts, judgments and decrees can only be given in evidence against parties and privies. They'can, however, be often used to prove facts, suchas eviction in-cases of actions on warranties; and whenever a party .stipulates to abide the event of a certain suit, or to indemnify against its consequences, then the record of that suit may be given in evidence against him, although he was not a party, as was field by this court in the case of Jones vs. Pitts' heirs, &-c. 3 Lilt. flep. 42-7. fie, in such case, becomes such a privy, as, in many cases, to be absolutely-concluded. Here, Frame stipulated that the note-should abide the event of a suit -for the lot, and the record proved the event, and the fact -could not be proved in any other mode; and it was, therefore, competent evidence against Frame, and consequently,-against Schooling.
(3) As to the merits, it is insisted that the complainant kept his deed out of sight, which he had receivéd from Frame; that if the deed has a warranty, M’Gee has his recourse at law thereon, against Frame, and is not entitled, of course, to relief against Schooling-; that if his deed has no warranty, -which Frame alleges to be true in his answer, then he is entitled to no recourse for the loss of the lot.
If we admit that the conveyance was without re.» ■course, it will not affect the right ef M’Gee to relief.1 *235 .IIis equity is. not based on his deed or original1 contract, but on the writing obtained from Frnme. It may be said, that this had no valid consid.eim.tion. We think differently., It does, not appear that M’Gec, although he knew that G-lenn had possession of the lot when he purchased, and claimed an equity therein, knew of the existence of the decree. This knowledge he denies, and- it is. inferrable from the circumstances, that so soon ns he found the decree, he applied td Frame on f-he.s.ubject, to complain of his unfairness in concealing so important, a. matter, of which Frame m.ust have had full knowledge, it being a decree against, himself. To atone for this deception, Frame gave the writing before recited, as its terms show, And.as it was competent for Frame,, under ou-r statute regulating assignments, to release these notfes,-. until notice was given of the assignment to-Schooling, he could tliercjbi*a--giv;e this instrument, which must, as we haye seen, Bind both Schooling and himself; and the court below was, therefore, correct in decreeing, a perpetualJ injunction. '
Guthrie and Szcigert, for appellants.
The decree must be affirmed with costs»